IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Mark Anthony Lincoln, | ) | Civil Action No. 4:07-70089-TLW |
| | ) | Criminal No. 4:03-751-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Mark Anthony Lincoln. ("Petitioner" or "Defendant"). On August 24, 2004, Defendant was charged in the Second Superseding Indictment with five counts of criminal conduct. (Doc. # 60). On November 2, 2004, Defendant entered a plea of guilty to Count 1 of the Superseding Indictment, (Doc. # 72), for conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, 500 grams or more of cocaine, and a quantity of Marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 and 851. Sentencing was held before this Court on March 16, 2005. On March 25, 2005, judgment was entered against Petitioner. (Doc. # 78). Petitioner was sentenced to a total term of three hundred and thirty (330) months for Count 1.[1]

---

[1] Petitioner's sentence was reduced to two hundred ninety-four (294) months upon a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Petitioner's sentence was further reduced to two hundred (200) months pursuant to Federal Rules of Criminal Procedure, Rule 35(b).

1

Petitioner filed notice of appeal on March 28, 2005. (Doc. # 80). The Fourth Circuit Court of Appeals affirmed Petitioner's sentence on February 6, 2006. (Doc. # 88). Appellant's petition for rehearing was denied on May 2, 2006, (Doc. # 89), and the Fourth Circuit issued the mandate on May 15, 2006. (Doc. # 90). Appellant's petition for writ of certiorari was denied on October 2, 2006. Lincoln v. United States, 549 U.S. 902 (2006).

Petitioner filed the present action on August 20, 2007. (Doc. # 93) The United States of America ("Government") filed its response in opposition to Petitioner's motion for relief under 28 U.S.C. § 2255 and filed a motion for summary judgment on May 22, 2009. (Docs. # 118 and # 119). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed June 23, 2009 that he had thirty-four days to file any material in opposition to the Government's motion for summary judgment. (Doc. # 121). Petitioner filed a motion for summary judgment on August 6, 2009. (Doc. # 122). This matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

2

such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* motion, and finds that no hearing is necessary.

**STANDARD OF REVIEW**

The Government has filed a response and motion for summary judgment as to all grounds raised by Petitioner. (Docs. # 118 and # 119). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion

3

for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed R. Civ. P. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## **DISCUSSION**

Petitioner has filed this action asserting several claims, all of which are based upon an alleged ineffective assistance of counsel. His claims, set forth verbatim, are as follows:

> Ground one: Counsel was ineffective by not objection to the conspiracy count and ineffective to negotiate a plea on such.
>
> Ground two: Counsel was ineffective at sentencing by failing to object to the career offender enhancement.
>
> Ground three: Counsel was ineffective when failed to object to the role enhancement as supervisor / manager.
>
> Ground four: Counsel was ineffective when failed to object to drug quantity at sentencing and chemical analysis to prove crack.

(Pet. at p. 5-9).

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

**Ground 1**

First, Petitioner argues that his counsel was ineffective for not challenging the conspiracy count. Petitioner states, "to [be] guilty of conspiracy there must be two or more persons in agreement to commit such act in furtherance in the same common goal or outcome. The government failed to prove that there was a conspiracy by Petitioner and he cannot conspire by himself." (Pet. at 5). Petitioner further asserts that one cannot be charged with conspiracy "by merely facilitating a sale." Petitioner continues, "At most, such conduct would amount to aiding and abetting possession with intent to distribute." Id. Next, Petitioner states, "the fifth Amendment Indictment Clause has not been satisfied for a conspiracy as the indictment only charged petitioner 'by himself and his aliases' as a party to the conspiracy." Id. After summarizing several events involving drug transactions, Petitioner argues that "[t]hose sales and transactions came about as a result of unrelated drug activities." Id. at 4.

5

This Court determines that this ground for relief is without merit. First, this Court notes that Petitioner misreads the language of the Second Superseding Indictment. It does not state that Petitioner conspires with himself or with his aliases. Specifically, the Indictment states that "Mark Anthony Lincoln, a/k/a Johnson Harper . . . did . . . willfully combine, conspire . . . and have tacit understanding <u>with various other persons, both known and unknown to the Grand Jury</u> . . . ." (Doc. # 60)(emphasis added). Therefore, any claim premised on fault within the Indictment to properly allege a conspiracy must fail.

Next, this Court notes that there exists ample evidence within the record to establish that Petitioner conspired with others to commit drug related offenses. The factual presentation from the guilty plea proceeding reads,

> MS. PARHAM: YOUR HONOR, F.B.I. AGENT VINCE FLAMINI HAS BEEN WORKING ON AN HISTORICAL DRUG CASE INVOLVING MR. LINCOLN. IF WE WENT TO TRIAL, POTENTIAL WITNESSES, JUST TO NAME A FEW, WOULD BE DAVID ARMSTRONG, MANDRAKE MCDANIEL, LEATHERMAN SCOTT, MARK BASKIN, TORRIE FLOWERS AND MR. LINCOLN'S WIFE, MARY SANDS.
>
> BASED UPON THEIR INFORMATION, MR. LINCOLN WAS INVOLVED SINCE 1999 IN THE DISTRIBUTION OF CRACK COCAINE AND POWDER COCAINE IN JOHNSONVILLE, SOUTH CAROLINA. BASICALLY, MR. LINCOLN IN CONJUNCTION WITH SOME OF THESE PEOPLE, INCLUDING HIS WIFE, WOULD BRING COCAINE DOWN FROM CONNECTICUT. HE WOULD THEN SELL IT EITHER IN THE FORM OF CRACK COCAINE OR POWDER COCAINE IN OUNCE QUANTITIES OUT OF HIS HOUSE IN JOHNSONVILLE. HE OFTEN TRADED DRUGS FOR GUNS AND THEN TRANSPORTED THE GUNS BACK UP NORTH. HE ALSO HAD A NUMBER OF STOLEN ITEMS FOUND AT HIS HOUSE.
>
> ON JULY 7, 2004, FLORENCE POLICE OFFICERS EXECUTED A SEARCH WARRANT AT MR. LINCOLN'S HOUSE LOCATED AT 228 AZALEA STREET IN JOHNSONVILLE, SOUTH CAROLINA. THEY SEIZED NUMEROUS WEAPONS, AND ALSO 13.53 GRAMS OF POWDER, 41.4 GRAMS OF CRACK COCAINE AND A QUANTITY OF MARIJUANA. THE GUNS AND DRUGS WERE FOUND IN AN OLD VEHICLE BEHIND MR. LINCOLN'S HOUSE. THE F.B.I. WAS ABLE TO TRACE THE VIN

NUMBER ON THAT VEHICLE AND TIE IT TO MR. LINCOLN BUYING THAT VEHICLE.

After reviewing the record, this Court determines that the evidence was more than sufficient to establish Petitioner's guilt of the conspiracy charge. Under Strickland, looking at the "facts of the particular case, viewed as of the time of counsel's conduct," this Court cannot say that the performance by Petitioner's attorney was objectively unreasonable. As the evidence of record is sufficient to establish all the elements of the conspiracy charge, it cannot be said that Counsel acted unreasonably in allowing his client to plead guilty to the charge. Thus, Petitioner has suffered no prejudice from Counsel's decision.

The Court also points out that during the guilty plea proceedings, Petitioner was informed of the charges he would be pleading guilty to and the nature and elements of those charges. Additionally, this Court asked Petitioner if he was pleading guilty of his free will. Petitioner noted that he was pleading guilty of his own free will and that he understood the charges, and he admitted that he was in fact guilty of the crimes of which he was charged. The Transcript reads,

> THE COURT: MR. LINCOLN, ARE YOU PLEADING GUILTY TODAY DOING SO OF YOUR OWN FREE WILL?
>
> THE DEFENDANT: YES, SIR.
>
> THE COURT: NOW, MR. LINCOLN, AT THIS TIME I'M GOING TO REVIEW THE CHARGE WITH YOU TO WHICH YOU ARE PLEADING. YOU'RE PLEADING GUILTY TO COUNT 1 IN THIS INDICTMENT. COUNT 1 CHARGES AS FOLLOWS. BEGINNING FROM ON OR ABOUT JANUARY 1, 1999 UP TO AND INCLUDING THE DATE OF THIS INDICTMENT, IN THE DISTRICT OF SOUTH CAROLINA AND ELSEWHERE, MARK ANTHONY LINCOLN, DID KNOWINGLY AND WILLFULLY COMBINE, CONSPIRE, CONFEDERATE, AGREE AND HAVE TACIT UNDERSTANDING WITH VARIOUS OTHER PERSONS BOTH KNOWN AND UNKNOWN TO THE GRAND JURY, TO KNOWINGLY, INTENTIONALLY AND UNLAWFULLY DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE 50 GRAMS OR MORE OF COCAINE BASE, COMMONLY KNOWN AS CRACK COCAINE, A SCHEDULE TWO

CONTROLLED SUBSTANCE, 500 GRAMS OR MORE OF COCAINE, A SCHEDULE TWO CONTROLLED SUBSTANCE, A QUANTITY OF MARIJUANA, A SCHEDULE ONE CONTROLLED SUBSTANCE, IN VIOLATION OF TITLE 21 UNITED STATES CODE SECTION 841. THIS IS ALL IN VIOLATION OF TITLE 21 UNITED STATES CODE SECTION 846. THIS IS A CONSPIRACY DRUG CHARGE THAT YOU'RE PLEADING GUILTY TO, MR. LINCOLN, DO YOU UNDERSTAND THE CHARGE THAT YOU'RE PLEADING GUILTY TO, MR. LINCOLN?

THE DEFENDANT: YES, SIR.

THE COURT: NOW, THE ELEMENTS OF THIS CHARGE ARE AS FOLLOWS. THE CONSPIRACY DESCRIBED IN THE INDICTMENT WAS WILLFULLY FORMED AND EXISTING AT OR ABOUT THE TIME ALLEGED IN THE INDICTMENT. TWO, THAT YOU WILLFULLY BECAME A MEMBER OF THE CONSPIRACY. THREE, THE CONSPIRACY INVOLVED 50 GRAMS OR MORE OF CRACK COCAINE, 500 -- OR 500 GRAMS OR MORE OF COCAINE, OR A QUANTITY OF MARIJUANA. DO YOU UNDERSTAND THE ELEMENTS OF THIS CHARGE, MR. LINCOLN?

THE DEFENDANT: YES, SIR.

(Plea Tr. At p. 14-16).

Therefore, as to Ground 1, this Court concludes that Counsel's actions were objectively reasonable, and Petitioner is not entitled to relief.

**Ground 2**

Petitioner next asserts that his Counsel was ineffective at sentencing for failing to object to the career offender enhancement. He states, "Petitioner is actually innocent of the career offender statute because one of the prior conviction the court relied on is a juvenile conviction and not adult. Therefore, this prior juvenile probation of five year cannot be used as a career offender enhancement under U.S.S.G. § 4A1.2 and § 4B1.2." (Pet. at p. 6). Petitioner argues that one of his previous convictions was under the "youthful offender act." (Memo at p. 7). He asserts that he was fifteen at the time of his robbery conviction in 1985. Id. at 7-8.

The record reveals that Petitioner's March 3, 1984 arrest for robbery resulted in an adult conviction on January 9, 1985, despite the fact that Petitioner was fifteen at the time. (PSR at p. 13). He was adjudicated as a youthful offender. However, for purposes of classifying Petitioner as a career offender, his 1985 conviction was not used as a predicate offense. The offenses relied on to classify Petitioner as a career offender are as follows: 1) a December 12, 1994 guilty plea to possession with intent to deliver, 2) a March 21, 1992 assault conviction for stabbing the victim in the neck, and 3) a December 28, 1993 conviction for conspiracy to commit the sale of hallucinogens or narcotics. (PSR at p. 15) and (Addendum to the PSR at p. 3). Therefore, Counsel's representation was not objectively unreasonable. Moreover, as the offense to which Petitioner claims Counsel should have objected was not used in the determination that Petitioner was a career offender, it cannot be said that Petitioner suffered any prejudice.

**Ground 3**

Petitioner next asserts that Counsel was ineffective for failing to object to the role enhancement as supervisor or manager. Petitioner argues that he was not a supervisor or manager, that there is no proof that he supervised another, that he did not admit to acting in a supervisory role in the plea agreement, and that a buyer-seller relationship and storing cocaine at someone's house cannot constitute a supervisory or manager role. (Pet. at 8). Petitioner also argues, "[T]here is a violation of the Fifth Amendment to the Grand Jury Clause because there is no such charged offense in the indictment but only a supervised finding at sentencing." (Memo at p. 12). Finally, Petitioner argues that "Appellant counsel was also ineffective for not raising these issues on direct appeal after notified by Petitioner." (Memo at p. ii).

The record reveals that there is more than sufficient evidence to conclude that Petitioner acted as a supervisor or manager in the drug conspiracy. The facts indicate that Petitioner would

9

bring different individuals from New York to sell drugs out of his residence. (PSR at 7). For example, the record shows that Anthony Anderson lived with Petitioner for two or three months and would sell drugs out of Petitioner's house for the Petitioner. Additionally, Sands, his wife, stated that she helped Petitioner re-package the drugs for sale. Id. at 9. Another individual, Torry Flowers, stated that Petitioner would push marijuana on him to sell. Flowers stated that Petitioner wanted him to sell marijuana and to find buyers. Id. Petitioner gave Flowers a quarter pound of marijuana to sell and sometimes gave him several pounds to hold. In addition to drugs, Petitioner stored guns at Flowers' residence. Therefore, this Court concludes that Counsel did not act objectively unreasonable by not objecting to this enhancement. Additionally, contrary to Petitioner's contention, it is not required that a sentencing enhancement for acting as supervisor or manager be included in either the plea agreement or the indictment. In fact, the plea agreement states,

> The Defendant, Mark Anthony Lincoln, agrees to have his sentence determined pursuant to the United States Sentencing Guidelines and waives any right to have facts that determine his offense level under the Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) alleged in an indictment and found by a jury beyond a reasonable doubt. The Defendant further agrees that facts that determine the offense level will be found by the court at sentencing by a preponderance of the evidence standard and that the court may consider any reliable evidence, including hearsay. The Defendant further agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines.
>
> (Plea Agreement at ¶ 8).

Therefore, relief sought by Petitioner on Ground 3 is denied.

**Ground 4**

Finally, Petitioner asserts that Counsel was ineffective for failing to object to the drug quantity at sentencing and the chemical analysis. Petitioner states,

> The court drug quantity finding is erroneous after adopting the PSR finding without its own independent factual finding as the drug amount added by people writing letters to the government is only hears[a]y and after the conspiracy is over. Plus Mary Sand's information is way off as Petitioner did not travel to South Carolina every week. Moreover, none of the drugs used at sentencing as crack was chemically analyzed to be certain as crack and none of the witnesses are chemical analysis or expert. The drug quantity is over estimated and does not carry the chemicals to prove crack.

(Pet. at 9)

This claim is without merit. The PSR notes that the Government relied on several witnesses to establish the drug quantity for sentencing purposes. Petitioner was held accountable for an amount of crack cocaine in excess of 1.5 kilograms. Officers found 41.4 grams of crack cocaine in Petitioner's 1987 Ford thunderbird. (PSR at 6). Additional evidence came from the interview of Mary Sands, Petitioners wife. She stated that Petitioner was supplied with approximately two ounces of crack every week for somewhere between a year and eighteen months. This was in addition to the sale of other drugs including marijuana and powdered cocaine. There were a number of witnesses the Government could have called if Petitioner had objected to the drug quantities at sentencing. Therefore, Petitioner cannot establish that he suffered any prejudice due to Counsel's failure to object to the drug quantities at sentencing. Moreover, in light of the weight of evidence supporting the drug weights, this court cannot conclude that Counsel's decision was objectively unreasonable. Finally, because nearly three kilograms of crack cocaine were attributed to him through historical drug testimony, it cannot be said that error was committed for failure to subject the weight attributed to Petitioner to chemical analysis. The very nature of historical drug testimony means that there are no physical drugs to test. Therefore, relief on this ground is denied.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. # 93), is **DENIED** and the Government's motion for summary judgment is **GRANTED**. (Doc. #118). Additionally, Petitioner's Motion for Summary Judgment is **DENIED**. (Doc. # 122). Petitioner's motion to compel is **MOOT**. (Doc. # 101).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. Applying the provisions set forth at 28 U.S.C. § 2253 (c), this Court concludes that it is appropriate to issue a certificate of appealability as to all issues raised herein.

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>
TERRY L. WOOTEN<br>
United States District Judge

March 19, 2010
Florence, South Carolina